

Metropolitan Square | 211 North Broadway, Suite 2500 | St. Louis, Missouri 63102
(314) 621-7755 | Fax (314) 621-3136

May 9, 2016

Hon. Fernando J. Gaitan, Jr.
United States District Court for the Western District of Missouri
400 East 9th Street
Kansas City, Missouri 64106

    In Re:  Brighton Crossing Condominium Assoc., et al. v. American Family
           Case No.: 4:15-CV-00887
           Joint Status Report

Dear Judge Gaitan:

    Pursuant to section 8 of the March 16, 2016 Scheduling and Trial Order ("Order") entered in the above entitled case, please accept this as the parties' joint status report outlining the progress of this case and noting any potential problem related to discovery or any other matters.

## Case Synopsis

    Plaintiffs represent a condominium association and a homeowners association that filed a lawsuit against Defendant stemming from an insurance claim for property damage to 36 separate buildings that was caused by a May 10, 2014 hail storm. The Order set a discovery deadline of June 24, 2016.

## Status Report

    As this Court is aware, Parties attempted to mediate this case on April 24, 2016 in accordance with the early assessment mediation program. The mediation was unsuccessful for the reasons stated in Hon. Russell's report. In addition, Defendant stated at the mediation that they had not considered the "matching issue" which Plaintiffs raised in regard to the property damage claims, which, in essence, accounts for the difference between Plaintiffs' and Defendant's experts' property damage estimations.

    At this stage of the case, it is unclear if additional discovery time will be required because most of the depositions will not begin until the end of the month. The parties timely completed the initial Rule 26 Disclosures, exchanged written discovery responses, and disclosed their expert reports. The parties are trying to work through discovery issues. The following is an overview of where things stand.

    1.  Defendant Witness Depositions: Defendant identified five potential witnesses. Plaintiffs requested to depose three of Defendant's employees. These depositions were initially set

St. Louis
St. Charles (314) 552-4188 | Springfield (417) 882-4700 | Kansas City (816) 472-4600
www.evans-dixon.com
Case 4:15-cv-00887-FJG   Document 28   Filed 05/09/16   Page 1 of 3

for May 9-10. Plaintiffs requested to postpone two of these depositions until the week of May 30th so that the depositions could occur back-to-back with depositions of Plaintiffs' witnesses. Defendant did not object but noted concern that it would back things up to the close of discovery. Plaintiffs could not accommodate deposition dates any earlier in May due to commitments to a three-week jury trial in St. Louis.

2. Plaintiffs Witness Depositions: Plaintiffs identified thirteen witnesses. The first "witness" is not a person but rather a category of persons representing all of the owners and members of Plaintiffs' properties. It is unclear if Defendant will need to depose each of these owners but, according to Plaintiffs' Rule 26 Disclosures, each of these owners possesses personal knowledge about property damages to each of their units. If it becomes necessary for Defendant to depose each of these witnesses in order to determine the nature of each unit's damages, it would entail an approximate 36 additional depositions and require an extension of the discovery deadline by one or two months depending on schedules.

Plaintiffs' designated seven of their witnesses as consulting experts (Robert Kitto, Wes Kitto, Jake Kaminski, Timothy Hickman, Ryan Strode, William C. Carter and Dr. Ildefonso Gonzalez-Artigas) and their Rule 26 expert disclosure disclosed one expert report prepared by Mr. Kitto. The Kitto Report does not specifically state the damage to each of the 36 buildings (e.g. number of hail strikes to a roof) but does provide repair estimates for each building and incorporates, by reference, the reports prepared by the other five experts. Pursuant to section 7(b) of the Order, Defendant is not entitled to depose these witnesses because technically they all prepared reports. Defendant requested to depose Mr. Hickman and his employer (Task Construction, Inc.) but Plaintiffs objected to this request based upon section 7(b) of the Order.

Plaintiffs represent that Task Construction was never involved with the Brighton Crossing Properties until litigation was contemplated by Plaintiffs in regard to the property damage claim. Task Construction has performed some repairs at the properties since the time that the property damage claim was in dispute. As a result, it is Plaintiffs position that Task Construction, and their employees, are protected by FRCP 26(b)(4)(D). At this time, Plaintiffs do not anticipate calling Task Construction at trial of this matter. Defendants are able to obtain discovery regarding any repairs made by Task Construction from the Plaintiffs in this case and a Corporate Representative can be appropriately prepared to report to Defendants what repairs and or mitigation efforts have been conducted at their properties.

Defendant represents that this situation could complicate Defendant's investigation of Plaintiffs' property damage for each of the 36 buildings. Plaintiffs' response to Defendant's damage interrogatory (which seeks a description of the damage to each of the 36 buildings) does not provide any details of the property damages to each building but instead refers to approximately 350 bates labeled documents, which are the same documents incorporated by reference in the Kitto Report. As such, it remains unclear whether Plaintiffs' damages include just physical property damage for each building or

    something else. So unless Plaintiffs' corporate representative can provide specific details about the physical damage to each unit then Defendant may need to depose each of the unit owners, which Defendant will not know if this is the case until the end of May.

    Defendant requested to depose Plaintiffs' witnesses in a particular order beginning with one witness in particular, Bryan Stigall. He is a former employee of Plaintiffs' property management company. Plaintiffs' Rule 26 Disclosures indicated that they did not know his current whereabouts. Defendant held off serving Mr. Stigall because Plaintiffs plan to make him available for deposition. If Plaintiffs cannot arrange for Mr. Stigall's deposition at the end of May as intended, then Defendant will need additional time to serve him with a subpoena. If Plaintiffs are unable to produce Mr. Stigall, Plaintiffs have no objection to allowing Defendants adequate time to subpoena Mr. Stigall.

3. Prior Property Damage: Whether or not Plaintiffs' properties suffered damage to the buildings' existing roofs and/or vinyl siding may also become an issue. For the roofs, Plaintiffs' interrogatory response indicated the possibility that some rowhome roofs may have been repaired six years ago but their investigation was ongoing. Defendant is arranging to serve subpoenas on Plaintiffs' prior insurance companies seeking reports of property damage claims.

    As for vinyl siding, Plaintiffs' documents suggest the possibility that some of the unit owners reported complaints of water damage in their units that Plaintiffs are attributing to the May 14th hail storm. If so, Defendant may require additional time to investigate whether there may be an alternative cause of this water damage.

4. At this time, Parties jointly request an additional 90 days to conduct discovery and request that the Court amend the scheduling order appropriately.

This constitutes the parties' join status report at this time.

*/s/ Erica B. Slater*
Erica B. Slater, #63716MO
THE SIMON LAW FIRM, P.C.
800 Market Street, Ste. 1700
St. Louis, MO 63101
Phone: (314) 241-2929
eslater@simonlawpc.com
*Attorneys for Plaintiffs*

*/s/ Benjamin M. Fletcher*
Benjamin M. Fletcher, #34081MO
EVANS & DIXON, LLC
211 N. Broadway, 25th Floor
St. Louis, MO 63102
314-552-4059 Direct Phone
bfletcher@evans-dixon.com
*Attorneys for Defendant American Family Insurance*