

Metropolitan Square | 211 North Broadway, Suite 2500 | St. Louis, Missouri 63102
(314) 621-7755 | Fax (314) 621-3136

August 16, 2016

Hon. Fernando J. Gaitan, Jr.
United States District Court for the Western District of Missouri
400 East 9th Street
Kansas City, Missouri 64106

    In Re:  Brighton Crossing Condominium Assoc., et al. v. American Family
            Case No.: 4:15-CV-00887
            Joint Status Report

Dear Judge Gaitan:

      Pursuant to section 8 of the May 12, 2016 Amended Scheduling and Trial Order ("Amended Order") (Doc. 30) entered in the above entitled case, please accept this as the Parties' joint status report outlining the progress of this case and noting any potential problem related to discovery or any other matters.

## Case Synopsis

      Plaintiffs represent a condominium association and a homeowners association that filed a lawsuit against Defendant stemming from an insurance claim for property damage to 36 separate buildings that was caused by a May 10, 2014 hail storm. The Amended Order set a deadline for filing a second joint status report for August 5, 2016, and a discovery deadline of September 22, 2016. On August 11, 2016, the Court issued an order reminding the parties that discovery is set to close on September 22, 2016, and cautioned the parties that if they wish the Court to extend the discovery deadline, they must file a motion for extension of time demonstrating good cause for the extension sought.

## Status Report

      At this stage of the case, it is unclear if additional discovery time will be required because of some unresolved discovery issues asserted by Defendant that were previously submitted to the Court. The following is an overview of where things stand.

      To preserve a record of what Defendant views as the existence of good cause to extend the discovery deadline, Defendant represents that it complied with the requirements imposed by the local rules and the Amended Order, including the requirement to confer in good faith, and is now respectfully waiting on the Court to schedule a time for a conference call. This is based on the following.

    1. Defendant represents that there are some discovery issues that remain unresolved and will

>require the Court's intervention.  Pursuant to Section 1 (b) of the Amended Order, the Court will not entertain any discovery motions absent full compliance with Local Rule 37.1.  Pursuant to Local Rule 37.1(a)(1) and (a)(2), before filing any discovery motions, the counsel for the moving party must confer in good faith with opposing counsel concerning the matter prior to filing any discovery motion and, if the issue remain unresolved, counsel shall arrange with the Court for an immediate telephone conference with the judge and opposing counsel.  No written discovery motion shall be filed until this telephone conference has been held.  Pursuant to Section 1(c) of the Amended Order, if a teleconference is needed, the moving party is required to email the request to chambers with a typed description of the discovery dispute, using a 12 pitch font and not exceeding two pages in length.

2. Defendant represents that during July Defendant's counsel worked with Plaintiffs' counsel in a good faith attempt to overcome some discovery issues but the majority of the issues remain unresolved.  On July 3, 2016, Defendant's counsel sent a letter to Plaintiffs' counsel outlining some unresolved discovery issues, requested dates for conducting a telephone call and requested dates to depose Plaintiffs' witnesses in July.  On July 11, 2016, Plaintiffs' counsel responded to the July 3rd letter and on July 14, 2016, Defendant's counsel conferred in good faith with Plaintiffs' counsel on the discovery issues, which concluded with Plaintiffs' counsel needing time to consult with their clients.  On July 21, 2016, Defendant's counsel sent a follow-up letter recapping its understanding of the points of disagreement.  On July 28, 2016, Defendant's counsel followed up again by email.  On August 2, 2016, Plaintiffs' counsel responded by email with clarifications on some of the discovery issues but the Parties remained at an impasse on most of the issues.  After contacting the Court's chambers for instructions and for approval to submit a request for a teleconference, on August 3, 2016, Defendant's counsel sent the two-page letter summarizing the disagreement over the discovery issues and requested a time for a teleconference with the Court.  On August 4, 2016, the Court requested Plaintiffs to respond to Defendant's letter by August 5th.  On August 5, 2016, Plaintiffs' counsel provided their response.  The Parties did not receive any further instructions from the Court.

3. Defendant represents that whether or not it will require additional time to conduct discovery depends upon resolving the previously submitted discovery issues.  If granted relief as well as leave to conduct the depositions, both witnesses might contain additional information or possess documents that might require additional time to investigate using formal discovery requests.  The other possibility is that Defendant may request to depose some of Plaintiffs' other consulting experts.

Besides the foregoing, the Parties continue to serve formal discovery requests and to schedule depositions and inspections.  On July 21, 2016, Defendant served its third discovery requests that included Third Interrogatories, Third Request for Production of Documents, and a First Request to Inspect Plaintiffs' properties.  Plaintiffs' counsel expects to provide dates for scheduling the inspection for some time in the future.  Defendant is considering expanding the list of additional depositions to include the former board members but, for now, it is waiting on

August 16, 2016
Page 3

dates for three witnesses.

     Plaintiffs plan to request to take Defendant's corporate representative deposition and will serve the appropriate notice within the time allowed in this Court's Amended Scheduling Order. On August 10, 2016, Plaintiffs served by email a supplemental privilege log intended to address concerns raised about privilege designations that were identified in Defendant's July 3rd letter. Also, Plaintiffs plan to serve a supplemental expert disclosure this week. Lastly, it is Plaintiffs' position that Defendant's request for the requested discovery should be denied and therefore, the discovery deadline of September 22, 2016 may remain.

     This constitutes the parties' join status report at this time.

| | |
|---|---|
| */s/ Erica B. Slater* | */s/ Benjamin M. Fletcher* |
| Erica B. Slater, #63716MO | Benjamin M. Fletcher, #34081MO |
| THE SIMON LAW FIRM, P.C. | EVANS & DIXON, LLC |
| 800 Market Street, Ste. 1700 | 211 N. Broadway, 25th Floor |
| St. Louis, MO 63101 | St. Louis, MO 63102 |
| Phone: (314) 241-2929 | 314-552-4059 Direct Phone |
| eslater@simonlawpc.com | bfletcher@evans-dixon.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant American Family Insurance* |