# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

BRIGHTON CROSSING CONDOMINIUM )
ASSOCIATION, ET AL., )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　)
v. ) No. 15-00887-CV-W-FJG
　　　　　　　　　　　　　　　　　　　　　)
AMERICAN FAMILY MUTUAL INSURANCE )
COMPANY, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

## ORDER

The parties have contacted the Court regarding disagreements related to discovery issues. The Court requested that the parties brief these issues and after reviewing the briefs, the Court hereby rules as follows.

> **Defendant's Interrogatory No. 2:** Describe the damage which you claim was sustained by each Property by reason of the event set forth in the Complaint and indicate when the damage ended and the date said damage ended.
>
> **ANSWER**: Each of the Subject Properties referenced in Plaintiffs' Complaint sustained damage from the wind and hail events on the date of the Subject Storm referenced in Plaintiffs' Complaint. In addition, for detail of each of the Subject Properties, please see documents produced in Plaintiffs' Rule 26 disclosures, bates labeled Brighton 000208-000559 and 000666-000697.

American Family states that most of the documents referenced comprise plaintiff's expert report, but this does not specify the type of damage sustained by each property. Plaintiffs state that their expert report documents damage requiring replacement of *all siding and all roofing* in order to repair the damage and match materials. Plaintiffs also state that defendant is scheduled to inspect the properties on September 8 and defendant may document every damaged piece of siding and every

damaged roof shingle if they wish. American Family acknowledges that Rule 33(d) permits production of documents in lieu of providing a response, but states that it cannot be used as a procedural device to avoid the duty to give information by shifting the obligation to find out whether information is ascertainable from the records. American Family states that plaintiffs' answer to Interrogatory No. 2 does not describe the type of damage suffered by each building. The Court agrees with American Family and finds that plaintiffs must supplement their response to this interrogatory. The expert report which plaintiffs refer to in their response simply lists line items broken down by each unit of what it would cost to replace the roofs, gutters, siding and various other items. There are also photos of the various buildings and other items such as downspouts, air conditioners, etc. but there is no narrative description as to what the damage is to these items. As the Court stated in Handi-Craft Co. v. Action Trading, S.A., No. 4:02CV1731LMB, 2004 WL 6043510 (E.D.Mo. May 21, 2004):

> Regarding the specificity of the documents identified, "[t]he option afforded by Rule 33(d) is not a procedural device for avoiding the duty to give information." In Re G-I Holdings, Inc., 218 F.R.D. 428,438 (D.N.J. 2003). Further, "[t]he responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them." R.W. Thomas Construction Management Co., Inc., 1995 WL 592539 at *1; see also T.N. Taube Corp., 136 F.R.D. [449], at 455 ("[D]irecting the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery")(quotation omitted) . . .Thus, the interrogated party must specify the records from which the answers may be gleaned. "Otherwise, [the interrogated party] must completely answer the interrogatories without referring to the documents." Pulsecard, Inc. v. Discover Card Services, Inc., 168 F.R.D. 295, 305 (D.Kan.1996).

Id. at * 5-6.

2

> **Interrogatory No. 3:** State the names and address of all general contractors who have treated, examined or inspected the properties, since the event in question and who provided repair services for any damages you referred to in your Complaint and for each listed state: the name and address, dates of treatment, examinations or inspections, nature of any and all treatments, examinations or inspections; amount of expenses and provide copies of bills.
>
> **ANSWER:** K2 Consulting & Services, LLC – inspected in December 2014; TASK Construction – inspected July 2014 and have performed various repairs while this matter is pending; DOTec Corp. – inspected July 2014; Foundation Engineering Specialists, LLC – inspected August 2014. In addition see documents produced in plaintiff's Rule 26 disclosures, defendant's employees and retained consultants inspected the properties.

American Family states that this answer does not breakdown the services according to each building and also fails to supply information about the nature of the work completed, the costs of the work provided and copies of bills or invoices verifying the work done.

Plaintiffs state that they the documents they identified in their response reflect further details in the engineering reports, estimates, etc. Plaintiffs assert that their original answer is complete and also state that TASK Construction is a retained non-testifying consultant and their contact with plaintiffs is not discoverable.

For the same reasons as stated above, plaintiffs are hereby directed to supplement their response to this interrogatory with the nature of the work completed, costs of work and copies of bills or invoices verifying the work done. As discussed below, plaintiffs are not required to provide this information with regard to TASK Construction, as they are a retained non-testifying expert.

> **Interrogatory No. 10:** Describe in detail and give a complete list of any and all financial losses, of any nature which you claim to have sustained by reason of the occurrence set forth in the Complaint.
>
> **ANSWER:** Plaintiff have incurred financial losses including the cost of storm damage repairs which are insured by Defendant, costs of mitigation repairs in the amount of approximately $10,000 to $15,000 in labor and materials, costs of litigation, costs for legal consultation and all other legally recoverable costs. Investigation continues.

Plaintiffs state that they have now disclosed and supplemented their expert report which estimated $3,515,262.33 in storm related damage.

Now that plaintiffs have supplemented their expert report, the Court finds that this

3

Case 4:15-cv-00887-FJG   Document 52   Filed 09/06/16   Page 3 of 9

addresses American Family's objection.

> **Interrogatory No. 13:** Identify what provision of the subject policies obligate defendants to replace property that was NOT physically damaged by the May 10, 2014 hailstorm.
>
> **ANSWER**: Objection. Plaintiffs object to this interrogatory as it seeks information protected by the attorney-client privilege, the attorney-work product protection and seeks Plaintiffs' counsels' mental impressions.

Plaintiffs state that this is a contention interrogatory that is more appropriate upon summary judgment or at the end of discovery. Additionally, plaintiffs state that they identified provisions of the subject policies in the Complaint. They state that their objection is timely until after summary judgment.

American Family states that plaintiffs cannot assert claims based on the contract for insurance while at the same time deny American Family's request to specify the terms of the contract that are deemed breached.

Fed.R.Civ.P. 33(a)(2) states in part: "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." In Zubrod v. Hoch, No. C15-2065, 2016 WL 1752770, (N.D.Iowa May 2, 2016), the Court stated:

> Contention interrogatories may be "helpful in that they may narrow and define issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense." Moses v. Halstead, 236 F.R.D. 667,674 (D.Kan.2006). On the other hand, contention interrogatories can be "overly broad and unduly burdensome on their face if they seek "all facts" supporting a claim or defense, such that the answering party is required to provide a narrative account of its case." Id.

4

Id. at *6.  The court in Zubrod noted that delaying the answering of contention interrogatories until the completion or near the completion of discovery is contemplated by the Federal Rules.  The Scheduling and Trial Order states that the close of discovery in this case is September 22, 2016.  Thus, with discovery set to close in three weeks, the Court finds that it is sufficiently close to the completion of discovery for plaintiffs to respond to the American Family's contention interrogatories.  Accordingly, plaintiffs are hereby ordered to supplement their responses to Interrogatory No. 13.

> **Interrogatory No. 39:**  Any documents including but not limited to, emails exchanged between You and those listed below concerning any property damage to any of the properties but limited to the timeframe of January 1, 2014 to February 1, 2015.  The companies listed were: Arrow Equity Trust, Stigall Properties, LLC and Task Construction.
>
> **ANSWER:** OBJECTION: Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege and work product privilege. Plaintiffs further object to this Request as it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

American Family states that the request is limited to documents, including emails, about property damage to any of the buildings that was communicated between Arrow Equity Trust and Stigall Properties and Task. American Family states that plaintiffs improperly objected to this interrogatory on the basis of attorney-client privilege, work product doctrine and that it was not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs state in response that any emails exchanged after American Family undervalued the claim for the properties were in anticipation of litigation.  Plaintiffs state that TASK was hired as a construction consultant only after plaintiffs knew litigation was imminent.  Additionally, plaintiffs state that Arrow HOA is plaintiff's management agent and representative, thus any emails exchanged are not discoverable pursuant to

5

Fed.R.Civ.P. 26(b)(3)(A).

In <u>Tracy v. Telemetrix, Inc.</u>, No. 8:12CV359, 2015 WL 7081901 (D.Neb. Nov. 13, 2015), the Court stated:

> With respect to the work product protection, Fed.R.Civ.P. 26(b)(3)(A) provides: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." To determine whether a document was prepared in anticipation of litigation, the court must consider whether "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." <u>Simon v. G.D. Searle & Co.</u>, 816 F.2d 397, 401 (8th Cir.1987).

<u>Id</u>. at *6. In the instant case, plaintiffs state that they did not hire TASK Consulting or communicate with their HOA management representatives in their normal course of business about the disputed insurance claims, it was only when it was clear that American Family had undervalued the claim that plaintiffs sought consultants and began to work with their management company. Thus, the Court finds that based on this assertion, the documents sought in Interrogatory No. 39 are protected by the work-product doctrine and plaintiffs are not required to supplement their response to this interrogatory or provide documents in response.

**TASK Construction Documents & Request for Deposition of TASK Employees**

American Family is requesting that plaintiffs produce the contract which they entered into with Task Construction. American Family believes that Task has a contingency fee interest in plaintiffs' damages. If true, American Family states that this would serve as evidence to question TASK's credibility and bias. Additionally, American Family is requesting leave to take the depositions of plaintiffs' non-testifying experts, Task Construction and two of its representatives.

Plaintiffs state that they named TASK Construction as a consulting expert in their

Rule 26 initial disclosures and they are not required to produce the agreement they have with TASK.

Fed.R.Civ.P. 26(b)(4)(D) states:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
> (i)   as provided in Rule 35(b); or
> (ii)  on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

In <u>Precision of New Hampton, Inc. v. Tri Component Products Corp.</u>, No. C12-2020, 2013 WL 2444047, *3 (N.D.Iowa June 5, 2013), the Court stated that "[a] party seeking discovery of facts or opinions held by a non-testifying consulting expert bears the burden of showing exceptional circumstances. . . . Courts have interpreted exceptional circumstances to mean that the party cannot obtain equivalent information from another source."

In the instant case, the Court finds that because plaintiffs have designated TASK Construction as a non-testifying consulting expert and because American Family has not shown that there are any exceptional circumstances which would prevent it from obtaining the same information, Fed.R.Civ.P. 26(b)(4)(D) prevents disclosure of this information. Accordingly, plaintiffs are not required to produce their contract with TASK Construction and the Court will not permit depositions of TASK Construction's representatives.

**<u>American Family's Underwriting File:</u>**

Plaintiffs are requesting that American Family produce the underwriting file for plaintiffs' properties. Plaintiffs state that they need this file to address one of American

7

Family's affirmative defenses which concerns the replacement cost for home wrap. Plaintiffs assert that American Family is taking the position that if the individual property does not currently have home wrap, it does not need to provide for costs to apply home wrap to the property. Plaintiffs state that they are seeking to prove whether American Family knew of the potential future possibility of applying home wrap if the siding ever needed to be replaced. Additionally, plaintiffs note that American Family insured the properties two weeks prior to the storm, so the underwriting file would have information about the condition of the properties at the time the policies were issued.

American Family states that plaintiff's claims focus on how the adjustors evaluated the hail damage to the thirty-six buildings and the underwriting files are not relevant to these claims. American Family states that its adjustors even testified that they did not consult the underwriting files. American Family also states that it has not asserted the issue about replacement of house wrap as a defense, so production of the underwriting file is unnecessary.

Fed.R.Civ.P. 26(b)(1) states in part: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .." In the instant case, the Court finds that because American Family has not asserted the cost of the house wrap as a defense, then production of the underwriting files has not been shown to be relevant to the issues in the case at this time.

**Additional Time Needed For Discovery:**

American Family states that if they are granted leave to conduct depositions of plaintiffs' experts, they would need additional time to schedule these depositions. The

8

Court will allow American Family's request to depose plaintiff's testifying expert – Robert Kitto. The parties shall meet and confer and determine to determine if this deposition can be completed before the close of discovery. If additional time is necessary beyond the close of discovery, the parties shall file a motion to amend the Scheduling and Trial Order.

Date: September 6, 2016         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri            Fernando J. Gaitan, Jr.
                                 United States District Judge