**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **BRIGHTON CROSSING CONDOMINIUM ASSOCIATION, et. al.**<br>**Plaintiffs,**<br><br>**vs.**<br><br>**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**<br>**Defendant.** | Case No. 4:15-CV-887 |

**PLAINTIFFS' MOTION FOR LEAVE TO
DEPOSE DEFENDANT'S EXPERT WITNESS**

COMES NOW Plaintiffs, Brighton Crossing Condominium Association and Brighton Crossing Homeowners Association, by and through their attorney of record, and hereby move this Court to grant leave for Plaintiffs to depose Defendant's expert, Mark S. O'Connor. In support of said motion, Plaintiffs state as follows:

1. Per this Court's Scheduling Order, and to prevent undue and avoidable prejudice, Plaintiffs seek leave to depose Mark S. O'Connor, Defendant's expert witness.

2. This Court recently granted Defendant the right to depose Plaintiffs' expert, Robert Kitto (Order, Doc. #52, p. 8-9). Plaintiffs should be granted the equivalent right; in allowing the reciprocal deposition of Defendant's expert, the Court will provide Plaintiffs with substantial justice, equal access to discovery, and prevent avoidable prejudice.

3. "Liberal discovery aids in the ascertainment of truth… trial preparation is facilitated, and 'relevant' information is obtained." State ex rel. State v. Riley, 992 S.W.2d 195, 197 (Mo. Banc 1999).

4. "The purpose of our discovery practice is to aid the litigants to find out prior to trial what the facts are so that substantial justice between the parties may be done." State ex rel. Kubatzky v. Holt, 483 S.W.2d 799, 804 (Mo. Ct. App. 1972) (emphasis added).

5. The necessity of full discovery extends to expert depositions. Missouri courts have found that when one party is unable to depose an opposing expert witness, then that party has faced a severe prejudice. Ellis v. Union Elec. Co., 729 S.W.2d 71, 75 (Mo. Ct. App. 1987).

6. Additionally, in concurrence, the Missouri Supreme Court stated discovery should "promote the search for truth and evenhandedly minimize game playing by lawyers" Giddens v. Kansas City S. Ry. Co., 29 S.W.3d 813, 825 (Mo. 2000) (Wolff, M., concurring) (citing State ex rel. State v. Riley, 992 S.W.2d 195 (Mo. Banc 1999)).

7. The deposition of Mark S. O'Connor will supplement and fully describe the methods he used in evaluating the Brighton Crossing properties, thereby allowing Plaintiffs the ability to obtain relevant, admissible evidence. The deposition will also facilitate Plaintiffs' ability to prepare for trial in a similar way in which Defendant will be able to prepare for trial by deposing Plaintiffs' expert.

WHEREFORE, Plaintiff respectfully request that this Court grants this motion for leave to depose Defendant's expert, and for any other just and further relief that this Court deems necessary under the circumstances.

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By: */s/Erica Blume Slater*
John G. Simon, #35231 MO
Erica Blume Slater, #63716 MO
800 Market Street, Ste. 1700
St. Louis, MO 63101
jsimon@simonlawpc.com

eslater@simonlawpc.com
Phone: 314-241-2929
Fax: 314-241-2029
***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 19th day of September 2016, the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system to all counsel of record.

*/s/Erica Blume Slater*